I,CANNELLA, Judge.
Plaintiff, Paulette Brown, appeals from a judgment denying her worker’s compensation claim for recalculation of her benefits paid by defendant, K-Mart. We affirm.
On January 28, 1994, plaintiff was working on the night shift at defendant’s store in LaPlace, Louisiana. She was scheduled, as a full-time employee, to work 40 hours per week, from 9:00 p.m. after the store closed to 7:00 a.m. Her duties included straightening the aisles and moving the products on the shelves from the back to the front in preparation for the next day. As she was moving objects at the time of the incident, she first hurt her left shoulder and then shortly afterwards she injured her low back. Defendant paid plaintiff worker’s compensation benefits in the amount of $148.23 per week based on her average weekly wage of $222.35.
On April 16, 1997, plaintiff filed a disputed claim for compensation. Among other *698 claims, she asserted that defendant incorrectly computed her |scompensation. Plaintiff contended that her benefits should have been calculated based on a 40 hour work week, rather than an average of her hours, under La. R.S.23:1021(10)(a)(i) & (ii). Trial was held on March 30, 1998, after which, the workers’ compensation judge found in favor of defendant on all the claims and dismissed plaintiffs claim.
On appeal, plaintiff contends that the trial judge erred in dismissing her claim that the benefits were improperly calculated. Plaintiff argues that defendant failed to bear its burden of proof that she worked less than 40 hours per week, at her own discretion. She contends that she was often allowed to leave work early because her work was completed, but that she had no discretion to work less than the 40 hours which she was scheduled to work. The only other times that she did not work her 40 hours was when she was sick, arrived late or when the supervisor told her to go home because her work was finished early.
Defendant’s supervisor, Tina Catoire (Catoire), testified that she would permit plaintiff to leave before her shift was over if her work was finished. This was not encouraged, but was not held against the employee. She stated that plaintiff was not forced to leave early. She could have stayed and performed other work. Ca-toire did not know how many times this happened.
Plaintiff does not dispute that her payroll records show that she worked less than 40 hours for the four weeks prior to the accident. However, she claims that defendant bears the burden of proving why the calculation herein should not be based on a 40 hour week. However, plaintiff also testified that it was her custom to give up approximately 8 hours per month in January and February to the part-time-people because those were slow months.
La.R.S. 23:1021(10)(a)(i), (ii) states:
L(10) “Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater; or
(ii) If the employee is paid on an hourly basis and the employee was offered employment for forty hours or more but regularly, and at his own discretion, works less than forty hours per week for whatever reason, then, the average of his total earnings per week for the four full weeks preceding the date of the accident;....
The workers’ compensation judge found that plaintiff rarely worked 40 hours because she regularly punched-in at the time clock after 9:00 p.m. The records show that she usually clocked in between 9:15 and 9:30 p.m. and sometimes later. This pattern was in existence for the four weeks prior to the accident. Regardless of the reasons that plaintiff left work early, the payroll records speak for themselves that plaintiff rarely came in at 9:00 p.m. The pattern of late arrival was plaintiffs decision not to come in on time. Thus, for the 4 weeks prior to the accident, plaintiff worked less than 40 hours per week at her own discretion and we find that the workers’ compensation judge did not err in dismissing her claim for recalculation of her weekly benefits.
Accordingly, the workers’ compensation judgment is hereby affirmed and costs of appeal are assessed against plaintiff.
AFFIRMED.